UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL MELENDEZ, Plaintiff | ) | |
| v. | ) | 2:25-cv-00597-LEW |
| TARGET STORES INC., Defendant | ) | |

# ORDER ON MOTION FOR PROTECTIVE ORDER

Defendant seeks a protective order under Federal Rule of Civil Procedure 26(c) regarding certain discovery requested by Plaintiff. (Motion, ECF No. 16.) Plaintiff opposes the motion. (Opposition, ECF No. 18.) After consideration of the parties' arguments and the applicable law, the Court grants the motion in part.

## BACKGROUND

In this diversity action, which Defendant removed to this Court from state court, Plaintiff claims that he was assaulted and defamed by Defendant's employees while engaged in self-checkout at a Target store in Virginia.[1] Plaintiff seeks various forms of relief, including compensatory and punitive damages. In December 2025, the Court issued a scheduling order, which designated April 23, 2026, as the discovery deadline and April 30, 2026, as the deadline for a party to file a notice of intent to file a motion for summary judgment.

[1] The parties appear to agree that the transaction that gave rise to this action occurred in February 2025.

On May 27, 2026, Plaintiff served interrogatories and a request for documents on Defendant seeking, among other things, all of Target's balance sheets, income statements, and cash flow statements for 2023, 2024, and 2025, and the home addresses of two Target employees allegedly involved in the self-checkout transaction that gave rise to this lawsuit. In June 2026, Plaintiff filed a motion to extend the deadline to file a motion for summary judgment, citing his need for additional time to depose the two Target employees and to obtain certain surveillance recordings. (Motion to Extend Time, ECF No. 13.) The Court granted the motion, extending the deadline to file a motion for summary judgment to July 10, 2026; the order did not expressly extend the deadline for completion of discovery. (Order, ECF No. 15.)

Defendant subsequently filed the motion for protective order. Defendant first asks the Court to order that it is not required to respond to Plaintiff's untimely discovery requests. If the Court permits Plaintiff's discovery requests, Defendant asks the Court to order that it is not required to provide the financial data requested by Plaintiff or the home addresses of the two Target employees. Defendant further requests that its employees, who live in Virginia, not be required to travel to Maine for their depositions.

## LEGAL STANDARD

In general, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Court has "broad discretion in determining the timing of pretrial discovery," *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000),

and is required to fix a limit on the time to complete discovery in the scheduling order that issues under Federal Rule of Civil Procedure 16(b). *See* Fed. R. Civ. P. 16(b)(3)(A).

A party from whom discovery is sought may move for a protective order, and the court, for good cause, may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* The party seeking a protective order bears the burden of establishing that good cause exists for the issuance of that order. *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988). If warranted, a protective order may (among other things) forbid the discovery in question, specify terms, including time and place, for the discovery in question, or limit the scope of discovery. Fed. R. Civ. P. 26(c)(1).

"Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) (quotation marks omitted). The "good cause standard in the Rule is a flexible one" that requires the Court to engage in "an individualized balancing of the many interests that may be present in a particular case." *Id.* (quotation marks omitted). A court has "broad discretion to rule on discovery motions in order to design protective orders that prevent unnecessarily burdensome or problematic discovery requests." *IDS Prop. Cas. Ins. Co. v. Gov't Emps. Ins. Co.*, 985 F.3d 41, 50 (1st Cir. 2021).

## DISCUSSION

Defendant argues that it should not be required to respond to Plaintiff's May 27, 2026, discovery requests because the requests were served more than a month after the close of discovery. Plaintiff maintains that because he cited the need to conduct discovery as the basis for his motion to extend the time to file for summary judgment, in granting the motion, the Court effectively authorized further discovery. At least as to Plaintiff's request to depose the Target employees, Plaintiff's argument has merit.

The Court will permit Plaintiff to take the depositions of the two employees. The Court, however, will grant Defendant's request for a protective order regarding the location of the depositions. Defendant seeks an order that the depositions of the two Target employees be taken by remote means. *See* Fed. R. Civ. P. 30(b)(4). Plaintiff has not opposed that request or otherwise offered argument concerning the location of the depositions. Insofar as Plaintiff resides in Maine, counsel for Defendant is in Massachusetts, and the two Target employes reside and work in Virginia, the interests of cost, convenience, and efficiency weigh in favor of conducting the deposition by remote means. *See Easy Pay Solutions, Inc. v. Turner*, No. 2:24-cv-00085-SDN, 2024 WL 4838932, at *2 (D. Me. Nov. 20, 2024) (addressing considerations that may inform the analysis of a motion to compel location of depositions).

Plaintiff's request for Defendant's financial information and for the home addresses of Defendant's employees, however, is not necessary or proportional to the needs of the case. First, Plaintiff has no need for the employees' addresses—Defendant has represented that it will produce the employees for the depositions. The employees' privacy interests

greatly outweigh any possible reasons Plaintiff might cite in support of his request for the information. *See United States v. Ericson*, No. 1:24-cr-00117-SDN, 2025 WL 1928062, at *1 (D. Me. July 14, 2025) (recognizing that "the existence of personal identifying information in discovery materials can justify the entry of a protective order").[2]

Plaintiff contends that the financial information he seeks is relevant to a punitive damages determination. Defendant essentially argues that Plaintiff has failed to plausibly plead a basis for an award of punitive damages, and it contends that the extensive scope and scale of the information requested is not proportionate to the needs of the case. While a defendant's net worth might be relevant to the assessment of punitive damages under Virginia law and Maine law, s*ee Smith v. Litten*, 507 S.E.2d 77, 80 (Va. 1998); *Haworth v. Feigon*, 623 A.2d 150, 159 (Me. 1993),[3] the request for all of Defendant's balance sheets, income statements, and cash flow statements for 2023, 2024, and 2025 is not proportionate to the needs of the case—particularly at this stage of the proceedings. Without commenting on whether Plaintiff's allegations are sufficient to support a claim for punitive damages, the Court is not prepared to authorize extensive discovery of financial information of uncertain relevance, which discovery could potentially delay the conclusion of the case,

---

[2] If the two Target employees are deposed, they need not disclose other personally identifying information to Plaintiff, as that information is not relevant to the claims and defenses at issue in this litigation. Defendant may also redact personally identifying information from the incident report that Plaintiff requested.

[3] At this stage, the Court makes no determination as to whether Maine or Virginia substantive law applies to this action.

particularly where the requested information in some form is likely available to Plaintiff through publicly available sources.[4]

## CONCLUSION

Following a review of the record and after consideration of the parties' arguments, the Court grants Defendant's motion for protective order in part and orders:

1. The deadline to complete discovery is extended to November 30, 2026, for the limited purpose of permitting Plaintiff to depose, by remote means, the two Target employees referenced in the motion and for Defendant to produce to Plaintiff a copy of the incident report and all video recordings that depict some of or all of the incident about which Plaintiff complains in this action.
2. Defendant is not required to provide, and the two Target employees shall not be required to reveal during the depositions, the employees' home addresses or any personally identifying information other than the employees' names.
3. Defendant is not obligated to provide the financial information requested by Plaintiff.

[4] Target Corp. is evidently Defendant's correct name. (Disclosure Statement, ECF No. 5.) Because Defendant is a publicly traded company, Plaintiff can presumably obtain through publicly available sources financial information that would be relevant to a request for punitive damages.

**NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of November, 2026.